## W. H. HUGHES, ET AL., *v.* HENRY BUSBY.

**Sale of Personal Property—Delivery.**
>   Where the vendee in the sale of personal property resides with the vendor, in order for his purchase of a horse to be held valid against creditors of the vendor or innocent purchasers, there must be an open, visible and actual delivery and change of possession.

### APPEAL FROM HENDERSON CIRCUIT COURT.

#### February 1, 1878.

OPINION BY JUDGE ELLIOTT:

According to the doctrine repeatedly held by this court the title to the property in controversy in this suit did not pass to the appellee by virtue of his purchase from Givens. Givens swears that there was no delivery of the possession of the horse and buggy at the time of the sale by him to Busby, nor does he swear that he ever delivered it to him in pursuance of his contract of purchase. Busby was a hired hand on Givens's farm, and the horse and buggy, as Givens says, were sold to him in payment of wages due him. The evidence is that before and after the sale to Busby he used the horse and buggy whenever he so desired, and that after his purchase they were not only not delivered, but the horse was fed in the same stables

where it had before been kept with Givens's other horses, and was used and hired out by Givens, and the blacksmith bills for shoeing were paid by him.

In fact, although the evidence indicates a sale by Givens to Busby, the appellee, there is no evidence conducing to show that Givens, at the time of the purchase or afterward, delivered possession of the property sold to him. Appellee, after as well as before his purchase, lived with Givens and worked for him, and the horse and buggy remained in the same stable and buggy yard that they did before the purchase; and this court has repeatedly held that where the vendee resides with the vendor, in order for his purchase to stand, there must be an open, visible and actual change of possession or the sale is void as to creditors and purchasers without notice.

The object in requiring this change of possession is to prevent the vendor from obtaining a delusive credit on the faith of his apparent possession of the property.

For these reasons the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Eaves & Prentice, for appellants.*